UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————————

AHMADZAI SEFATULLAH,

                Petitioner,

     v.                                                              ORDER
                                                                               19-CV-883

WILLIAM BARR, Attorney General, et al.,

                Respondents

———————————————————————————

      Although the petitioner in this matter is represented by counsel, this Court has received two *pro se* motions from him—the first on February 20, 2020, and the second on April 2, 2020.  *See* Docket Items 16 and 17.  Despite inquiries from this Court, counsel did not pursue the relief his client sought *pro se* or move to withdraw from representation.  On April 9, 2020, this Court therefore ordered counsel to show cause "why he should not be sanctioned and/or face disciplinary action for failing to move for the relief that his client now seeks *pro se* and for otherwise failing to faithfully represent his client's interests."  Docket Item 18.

      On April 9, 2020, counsel responded to that order.  *See* Docket Item 20.  He has satisfactorily explained—and taken responsibility for—the unfortunate series of events that followed his resignation from his prior employer, the Volunteer Lawyers Project, and resulted in his client's *pro se* efforts.  *See id.*  In light of that explanation, neither sanctions nor discipline are warranted.

      Counsel also has moved to withdraw as counsel in his capacity as an employee of the Volunteer Lawyers Project but has indicated his willingness to continue as *pro bono* counsel in his individual capacity.  *See id.*  This Court must ensure that all litigants

are appropriately represented by counsel under the criteria set forth in *Cooper v. A. Sargenti Co.*, 877 F.2d 170 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986). Courts also have the inherent authority to assign counsel to represent private indigent litigants. *See In re Smiley*, 36 N.Y.2d 433, 438 (1975).

Moreover, lawyers—especially those who are admitted to practice in federal court and who therefore are in a position to reap the benefits of such practice—have a professional obligation to provide *pro bono* services for the poor. *See* New York Rules of Professional Conduct, Rule 6.1. In addition, Rule 83.1(f) of the Western District of New York Local Rules of Civil Procedure provides:

> Every member of the bar of this Court who maintains, or whose firm maintains, an office in this District, shall be available upon the Court's request for appointment to represent or assist in the representation of indigent parties. Appointments under this Rule shall be made in a manner such that no Member shall be requested to accept more than one appointment during any twelve-month period.

It is in this spirit that the Court assigns Daniel E. Jackson, Esq., 1669 Indian Falls Road, Corfu, NY, 14036, to faithfully and diligently represent the petitioner, *pro bono,* in this case.

**ORDER**

In light of the above, IT IS HEREBY

ORDERED that counsel's motion to withdraw in his capacity as an employee of the Volunteer Lawyer's Project, Docket Item 20, is GRANTED; and it is further

ORDERED that Daniel E. Jackson, Esq., 1669 Indian Falls Road, Corfu, NY, 14036, is appointed to faithfully and diligently represent the petitioner, *pro bono,* in this case; and it is further

ORDERED that the Clerk of Court shall copy and send to Mr. Jackson that portion of the file in this matter that is not currently available through PACER on the Court's Case Management/Electronic Case Management System; this order; and the Guidelines Governing Reimbursement from the District Court Fund of Expenses Incurred by Court Appointed Counsel.[1] The Chief Judge of this Court will issue an Order directing PACER to waive its fees so that *pro bono* counsel can access and print at no cost to him any other filed documents that he may need; and it is further

ORDERED that due to the time-sensitive nature of the petitioner's *pro se* emergency motion for immediate release, *see* Docket Item 17, the portion of this Court's April 8, 2020 order addressing that motion, *see* Docket Item 19, remains unchanged; the respondents shall file and serve on the petitioner, through Mr. Jackson, their response no later than April 14, 2020; and the petitioner, through Mr. Jackson, shall have until April 17, 2020, to file and serve a reply; and it is further

---

[1] This information and the forms are also available on the Court's web site at the Attorney Information link from the home page located at: http://www.nywd.uscourts.gov//pro-bono-program-district-court-fund.

ORDERED that the portion of this Court's April 8, 2020 order addressing the petitioner's *pro se* motion to enforce, *see* Docket Items 16 and 19, is amended as follows: the petitioner, through Mr. Jackson, shall have until April 30, 2020, to file an amended motion to enforce this court's prior order; the respondents shall have until May 30, 2020, to respond; and the petitioner, through Mr. Jackson, shall have until June 6, 2020, to reply.

SO ORDERED.

Dated: April 10, 2020
       Buffalo, New York

                              ***/s/ Hon. Lawrence J. Vilardo***
                              LAWRENCE J. VILARDO
                              UNITED STATES DISTRICT JUDGE